1  MATTHEW D. POWERS (Bar No. 104795)
   matthew.powers@weil.com
2  CHRISTOPHER J. COX (Bar No. 151650)
   chris.cox@weil.com
3  JEFFREY G. HOMRIG (Bar No. 215890)
   jeffrey.homrig@weil.com
4  WEIL, GOTSHAL & MANGES LLP
   Silicon Valley Office
5  201 Redwood Shores Parkway
   Redwood Shores, CA 94065
6  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100
7
   Attorneys for Plaintiffs
8  INGENIO, INC.

9

10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

14 INGENIO, INC.,

15              Plaintiff,               Case No. C 06-06423 MJJ

16       v.                             **AMENDED COMPLAINT FOR
                                         DECLARATORY JUDGMENT**
17 ACACIA PATENT ACQUISITION
   CORPORATION, ACACIA RESEARCH
18 CORPORATION, AND CREDIT FRAUD        **DEMAND FOR JURY TRIAL**
   CONTROL CORPORATION,
19
                Defendants.
20

21          Plaintiff Ingenio, Inc., by and through its attorneys, alleges as follows:

22          1.   This is a civil action arising under the Patent Laws of the United States, 35

23 U.S.C. §§101, *et seq.*, seeking declaratory judgment that United States Patent No. 6,282,276 is

24 not infringed by Ingenio and is invalid, based upon the laws authorizing actions for declaratory

25 judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202.

26                                   **PARTIES**

27          2.   Ingenio, a Delaware corporation, maintains its principal place of business at

28

1   100 California Street, Suite 400, San Francisco, California.

2           3.    Upon information and belief, Defendant Acacia Patent Acquisition

3   Corporation, a Delaware corporation, maintains its principal place of business at 500 Newport

4   Center Drive, 7th Floor, Newport Beach, California.  Upon information and belief, Acacia Patent

5   Acquisition Corporation is an operating subsidiary and alter ego of Acacia Research Corporation.

6           4.    Upon information and belief, Defendant Acacia Research Corporation, a

7   Delaware corporation, maintains its principal place of business at 500 Newport Center Drive, 7th

8   Floor, Newport Beach, California.

9           5.    Upon information and belief, Defendant Credit Fraud Control Corporation

10  maintains its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach,

11  California.   Upon information and belief, Credit Fraud Control Corporation is an operating

12  subsidiary and alter ego of Acacia Research Corporation or Acacia Patent Acquisition

13  Corporation.

14          6.    Upon information and belief, Acacia Research Corporation, Acacia Patent

15  Acquisition Corporation, and Credit Fraud Control Corporation (collectively, "Acacia") do not

16  manufacture and sell products.  Instead, Acacia is in the business of licensing and enforcing

17  patents.

18                          **SUBJECT MATTER JURISDICTION**

19          7.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202

20  because there is an actual controversy between Ingenio and Acacia.

21          8.    Acacia has asserted that it has the right to enforce U.S. Patent No. 6,282,276

22  ("the '276 patent").  Acacia has created an actual controversy through its assertion that Ingenio

23  infringes the '276 patent.  For example, Acacia Vice-President Tisha DeRaimo, contacted Ingenio

24  by letter dated July 11, 2006, which was sent to Ingenio in San Francisco, California.  In this

25  letter, Acacia asserted that an "operating subsidiary" of Acacia Research Corporation, Acacia

26  Patent Acquisition Corporation, "has the exclusive right to license and enforce" the '276 patent.

27  This letter also referenced the possibility of litigation, and suggested that licensing was needed

28  "to prevent the rapid incurrence of unnecessary legal fees."  Acacia enclosed with this letter a

1    claim chart purporting to identify how Ingenio practices each element of claim 1 of the '276

2    patent.

3         9. On September 6, 2006, Ms. DeRaimo and other representatives of Acacia met

4    with Ingenio and its counsel in Palo Alto, California.  During this meeting, Acacia made a

5    presentation purporting to demonstrate that Ingenio allegedly infringes claim 1 of the '276 patent.

6    On September 25, Acacia again met with Ingenio and its counsel in Palo Alto.  During this

7    meeting, Ingenio explained several reasons why it does not infringe the '276 patent.

8         10.  On October 6, 2006, Acacia sent a letter to Ingenio's counsel asserting

9    repeatedly that Ingenio infringes the '276 patent:

10        • "In our September 6 presentation, we contended that Ingenio is making,

11             using, selling, and offering to sell technology that is covered by claim 1 of

12             the '276 patent."

13        • "Ingenio is literally infringing claim 1" of the '276 patent.

14        • "Ingenio follows the steps of the method of claim 1" of the '276 patent.

15        • "Ingenio operates in a manner that uses the teachings of the '276 patent."

16        • "we continue to believe that Ingenio is infringing at least claim 1 of the

17             '276 patent."

18    After stating that "Ingenio requires a license," Acacia again made a veiled threat of litigation.

19    Upon information and belief, Acacia purportedly assigned rights to the '276 patent to a newly-

20    formed company, Credit Fraud Control Corporation, sometime after it initiated its threats of

21    litigation against Ingenio.

22        11.  An actual and justiciable controversy exists between Ingenio and Acacia

23    Patent Acquisition Corporation, Acacia Research Corporation, and Credit Fraud Control

24    Corporation as to whether the '276 patent is infringed and valid.  Absent a declaration of non-

25    infringement or invalidity, Acacia will continue to wrongfully assert the '276 patent against

26    Ingenio, and thereby cause Ingenio irreparable injury and damage.

27

28

1

2                    **PERSONAL JURISDICTION AND VENUE**

3          12.    This Court has personal jurisdiction over Defendants.    Acacia Patent

4    Acquisition Corporation, Acacia Research Corporation, and Credit Fraud Control Corporation

5    maintain offices in California and do business in California.    In addition, all of the

6    communications described in paragraphs 8 through 10 above, including all of Acacia's allegations

7    of patent infringement, were sent to Ingenio or its counsel in the Northern District of California or

8    made in person within the Northern District of California.

9          13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a

10   substantial portion of the conduct giving rise to this action occurred in this district.

11                       **INTRADISTRICT ASSIGNMENT**

12         14.    This case is properly assigned to any division of this judicial district pursuant

13   to Civil Local Rule 3-2(c) because a substantial portion of the conduct giving rise to this action

14   occurred in this district, and because this is an Intellectual Property Action.

15                              **COUNT I:**

16                 **DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

17         15.    Ingenio hereby restates and realleges the allegations set forth in paragraphs 1

18   through 14 above and incorporates them by reference.

19         16.    U.S. Patent No. 6,282,276 is entitled "Method of billing a value-added call"

20   and names David Felger, c/o the National Psychic Association, Inc. as the inventor.    The '276

21   patent issued on August 28, 2001.    A true and correct copy of the '276 patent is attached as

22   Exhibit A.

23         17.    Acacia has asserted that it "has the exclusive right to license and enforce" the

24   '276 patent.    As described above, Acacia has repeatedly asserted that Ingenio infringes at least

25   claim 1 of the '276 patent.

26         18.    Ingenio has not infringed, and is not infringing, either directly or indirectly,

27   contributorily or other otherwise, any claim of the '276 patent.

28

1

2 **COUNT II:**

3 **DECLARATORY JUDGMENT OF INVALIDITY**

4       19.  Ingenio hereby restates and realleges the allegations set forth in paragraphs 1

5 through 18 above and incorporates them by reference as though set forth fully herein.

6       20.  One or more claims of the '276 patent is invalid for failure to meet the

7 conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of

8 sections 102 and 103.

9 **PRAYER FOR RELIEF**

10 WHEREFORE, Ingenio prays for judgment as follows:

11       A.    Declaring that Ingenio has not infringed and is not infringing, directly,

12 indirectly or contributorily, any claims of the '276 patent;

13       B.    Declaring that all Defendants and each of their officers, employees, agents,

14 alter egos, attorneys, and any persons in active concert or participation with them be restrained

15 and enjoined from further prosecuting or instituting any action against Ingenio claiming that the

16 '276 patent is infringed or valid, or from representing that Ingenio's products or services, or that

17 others' use thereof, infringe the '276 patent;

18       C.    Declaring that the claims of the '276 patent are invalid;

19       D.    Declaring this case exceptional under 35 U.S.C. § 285 and awarding

20 Ingenio its attorneys' fees and costs in connection with this case; and

21       E.    Awarding Ingenio such other and further relief as the Court deems just and

22 proper.

23

24

25

26

27

28

1

2                                   **<u>JURY DEMAND</u>**

3              Ingenio respectfully requests a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on

4   all issues so triable.

5

6   Dated:  October 17, 2006                      WEIL, GOTSHAL & MANGES LLP

7

8                                                 By:  _____/s/ Christopher J. Cox_____

9                                                        Christopher J. Cox
                                                         Attorneys for Plaintiff
10                                                       INGENIO, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28