JoAnna M. Esty, Esq., Esq. (SBN: 147903)
Jenna F. Leavitt, Esq., Esq. (SBN: 213574)
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
199 Fremont Street, 20th Floor
San Francisco, CA 94105-2255
Telephone: (415) 489-7700
Facsimile: (415) 489-7701
E-Mail: jesty@linerlaw.com
         jleavitt@linerlaw.com

Attorneys for Defendant and Counterclaimant
Credit Card Fraud Control Corporation

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| INGENIO, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ACACIA PATENT ACQUISITION CORPORATION, ACACIA RESEARCH CORPORATION, AND CREDIT CARD FRAUD CONTROL CORPORATION, <br><br> Defendants. | Case No. C 06-06423 MJJ <br><br> **CREDIT CARD FRAUD CONTROL CORPORATION'S ANSWER TO PLAINTIFF INGENIO INC.'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM AGAINST INGENIO INC. AND PILGRIM TELEPHONE, INC.** <br><br> **CERTIFICATION OF INTERESTED PARTIES** <br><br> **DEMAND FOR JURY TRIAL** |
| CREDIT CARD FRAUD CONTROL CORPORATION, <br><br> Counterclaimant, <br><br> vs. <br><br> INGENIO, INC., a Delaware corporation; PILGRIM TELEPHONE, INC., a Delaware corporation, <br><br> Counterdefendants. | |

# ANSWER

Defendant Credit Card Fraud Control Corporation ("Fraud Control"), hereby responds to Plaintiff Ingenio, Inc.'s ("Plaintiff") Second Amended Complaint (the "2AC") as follows:

1. Fraud Control admits that this is an action arising under the patent laws of the United States under Title 35 of the United States Code. Fraud Control admits that the 2AC purports to be filed under 28 U.S.C. §§ 2201 and 2202. Except as so admitted, Fraud Control denies the remaining allegations contained in paragraph 1 of the 2AC.

## PARTIES

2. Fraud Control lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the 2AC, and, therefore, denies the same.

3. Fraud Control admits that Acacia Patent Acquisition Corporation is a Delaware corporation and maintains its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California. Except as so admitted, Fraud Control denies the remaining allegations contained in paragraph 3 of the 2AC.

4. Fraud Control admits that Acacia Research Corporation is a Delaware corporation and maintains its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California. Except as so admitted, Fraud Control denies the remaining allegations contained in paragraph 4 of the 2AC.

5. Fraud Control admits that it is a Delaware Corporation and that it maintains its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California. Fraud Control further admits that it is an affiliate of Acacia Patent Acquisition Corporation. Except as so admitted, Fraud Control denies the remaining allegations contained in paragraph 5 of the 2AC.

6. Fraud Control admits that it does not manufacture and sell products. Except as so admitted, Fraud Control denies the remaining allegations contained in

paragraph 6 of the 2AC.

## SUBJECT MATTER JURISDICTION

7. Fraud Control admits that the 2AC purports to confer subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202. Fraud Control admits that there is an actual and justiciable controversy between Fraud Control and Plaintiff. Except as so admitted, Fraud Control denies the remaining allegations contained in paragraph 7 of the 2AC.

8. Fraud Control admits that there is an actual controversy because Plaintiff infringes U.S. Patent No. 6,282,276 ("the '276 patent"). Fraud Control lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the 2AC, and, therefore, denies the same.

9. Fraud Control lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the 2AC, and, therefore, denies the same.

10. Fraud Control admits that it acquired rights in the '276 patent through an agreement with Acacia Patent Acquisition Corporation. Fraud Control further admits that Acacia Technologies Group sent a letter to Plaintiff's counsel on October 6, 2006 which contained the following statements:

- "In our September 6 presentation, we contended that Ingenio is making, using, selling, and offering to sell technology that is covered by claim 1 of the '276 patent."
- "As demonstrated in our presentation, Ingenio is literally infringing claim 1, and therefore, at this time, we are not contending that Ingenio is infringing under the doctrine of equivalents."
- "Rather, Ingenio follows the steps of the method of claim 1, as set forth in our presentation."
- "Ingenio operates in a manner that uses the teachings of the '276

patent."

- "Based on the information presented above, we continue to believe that Ingenio is infringing at least claim 1 of the '276 patent. . . . As previously and repeatedly emphasized to you, we are interested in resolving this matter quickly and amicably and avoiding litigation."

Except as so admitted, Fraud Control denies the remaining allegations contained in paragraph 10 of the 2AC.

11. Fraud Control admits that there is an actual and justiciable controversy between Fraud Control and Plaintiff regarding the '276 patent. Except as so admitted, Fraud Control denies the remaining allegations contained in paragraph 11 of the 2AC.

## **PERSONAL JURISDICTION AND VENUE**

12. Fraud Control admits that this Court has personal jurisdiction over Fraud Control in this matter. Fraud Control admits that it maintains offices and does business in California. Fraud Control admits that the communications described in paragraphs 8-10 of the Complaint were sent to or took place in the Northern District of California. Except as so admitted, Fraud Control denies the remaining allegations contained in paragraph 12 of the 2AC.

13. Fraud Control admits that venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Except as so admitted, Fraud Control denies the remaining allegations contained in paragraph 13 of the 2AC.

## **INTRADISTRICT ASSIGMENT**

14. Fraud Control admits this action arises under the patent laws of the United States, and is therefore subject to assignment on a district-wide basis under Northern District of California Local Rule 3-2(c). Except as so admitted, Fraud Control denies the remaining allegations contained in paragraph 14 of the 2AC.

/ / /

/ / /

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

15. Answering paragraph 15 of the 2AC, Fraud Control repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

16. Fraud Control admits the allegations contained in paragraph 16 of the 2AC.

17. Fraud Control admits that is has the exclusive right to license and enforce the '276 patent. Fraud Control further admits that in the October 6, 2006 letter, Acacia Technologies Group, stated that it "continue[s] to believe that Ingenio is infringing at least claim 1 of the '276 patent" and that it was "interested in resolving this matter quickly and amicably and avoiding litigation." Except as so admitted, Fraud Control denies the remaining allegations contained in paragraph 14 of the 2AC.

18. Fraud Control denies the allegations contained in paragraph 18 of the 2AC.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY

19. Answering paragraph 19 of the 2AC, Fraud Control repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

20. Fraud Control denies the allegations contained in paragraph 20 of the Complaint.

Fraud Controls denies any allegations not specifically answered above.

In response to paragraphs A through E in the prayer for relief, Fraud Control denies that Plaintiff is entitled to any of the relief requested and herein denies each and every allegation in the prayer for relief.

/ / /

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the 2AC, Fraud Control alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole in part because they fail to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived any right that it may otherwise have had to assert any of the alleged causes of action in the 2AC as against Fraud Control.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not suffered, and will not suffer, any detriment, injury or damage.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The 2AC, and each purported cause of action therein, is barred as asserted against Fraud Control because Plaintiff has not suffered detriment, injury or damage.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from maintaining the 2AC by virtue of its own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate its alleged damages, if any.

In accordance with the provisions of Federal Rule of Civil Procedure 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available, after reasonable inquiry, upon the filing of Fraud Control's Answer to the 2AC. As such, Fraud Control reserves the right to amend its Answer to raise additional affirmative defenses, if subsequent investigation warrants such

action. By providing this Answer, Fraud Control does not waive or relinquish any present or potential affirmative defenses.

**PRAYER FOR JUDGMENT**

WHEREFORE, Fraud Control prays for judgment as follows:

a. That Plaintiff takes nothing by its 2AC, that judgment be entered in favor of Fraud Control and that the 2AC be dismissed with prejudice;

b. That Fraud Control be awarded its attorneys' fees and costs of suit; and

c. For such other and further relief as this Court deems just and proper.

**COUNTERCLAIM**

Counterclaimant Fraud Control demands a trial by jury, and alleges as follows:

**THE PARTIES**

1. Fraud Control is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Newport Beach, California..

2. Upon information and belief, Counterdefendant Ingenio, Inc. "Ingenio" is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in San Francisco, California.

3. Upon information and belief, Counterdefendant Pilgrim Telephone, Inc., "Pilgrim" is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Cambridge, Massachusetts.

4. Paragraphs 1 through 20 of Fraud Control's Answer to the Complaint and its Affirmative Defendants are hereby incorporated by this reference as it fully set forth herein.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States of America and specifically under 35 U.S.C. § 100 *et seq*. Subject matter jurisdiction exists and is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(b).

6. Upon information and belief, Counterdefendants Ingenio and Pilgrim

(collectively, "Counterdefendants") make, use, offer for sale, sell and/or import into the United States the services and methods that form the basis for this counterclaim and do business throughout the United States, including over the Internet and through telephone lines located in this District

7. Jurisdiction is proper because, upon information and belief, Counterdefendants transact business in this judicial district, including the sale and offering for sale of their respective services; use of the business methods contained in the '276 patent in this judicial district; have committed acts of infringement in this judicial district; and have sufficient contacts with this judicial district to subject each of them to the jurisdiction of this Court.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b).

9. Ingenio has had actual notice of the '276 patent since at least July 11, 2006.

10. Pilgrim has had actual notice of the '276 patent since at least August 17, 2006.

**INTRADISTRICT ASSIGNMENT**

11. This action arises under the patent laws of the United States, and is therefore subject to assignment on a district-wide basis under Northern District of California Local Rule 3-2(c).

**FACTS**

12. Fraud Control hereby incorporates paragraphs 1 though 12 of its Counterclaim by reference herein.

13. On or about August 28, 2001, the '276 patent, a copy of which is attached to Ingenio's Second Amended Complaint as Exhibit A, was lawfully granted to David Felger. Fraud Control is the assignee and the true and lawful owner of all right, title and interest in the '276 patent. See Assignment from Acacia Patent Acquisition Corporation to Fraud Control dated September 21, 2006 and recorded October 10, 2006 with the Patent and Trademark Office, a true and accurate copy of

8    Case No. C 06-06423 MJJ
CREDIT CARD FRAUD CONTROL CORPORATION'S ANSWER TO PLAINTIFF INGENIO, INC.'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM
0020151/001/ 330545

which is attached hereto as Exhibit 1. Fraud Control was assigned the rights, title and interest in the '276 patent on or about September 21, 2006. Id.

14. The '276 patent is entitled to a presumption of validity.

## COUNTERCLAIM

15. Fraud Control hereby incorporates paragraphs 1 though 16 of its Counterclaim by reference herein.

16. Counterdefendants have committed, actively induced and contributed to the infringement of the '276 patent. Counterdefendants continue to commit, actively induce and contribute to the infringement of the '276 patent.

17. Specifically, Counterdefendants' use of the business methods contained in the '276 patent, including offering their billing services for telephone calls, conducting transactions to effectuate such billing services, and acquiring payment in exchange for such services, directly infringes the '276 patent. Counterdefendants' services use the business methods contained in the '276 patent. By continuing to offer their services, conduct transactions and acquire payment in exchange for their services, and by marketing, supporting and advertising their services throughout the United States, Counterdefendants are directly infringing, actively inducing the infringement of the '276 patent, and contributing to the infringement of the '276 patent.

18. Counterdefendants have had actual notice of the '276 patent and their respective infringement of the '276 patent, and have not ceased their infringing activities. Counterdefendants' infringement of the '276 patent has been and continues to be willful and deliberate.

19. As a result of Counterdefendants' infringement, Fraud Control has suffered and will continue to suffer damages in an amount to be proven at trial.

/ / /
/ / /
/ / /

# PRAYER FOR RELIEF

WHEREFORE, Fraud Control respectfully requests this Court to enter judgment against Counterdefendants as follows:

    a.    That Counterdefendants have directly infringed the '276 patent in violation of 35 U.S.C. §§ 271(a), (b) and (c), and have further contributorily infringed the '276 patent and/or induced the infringement of the '276 patent;

    b.    That Counterdefendants' infringement of the '276 patent has been willful and deliberate;

    c.    That, pursuant to 35 U.S.C. § 284, Fraud Control is awarded damages adequate to compensate Fraud Control for Counterdefendants' infringement of the '276 patent, in an amount to be determined at trial, but in no event less than a reasonable royalty;

    d.    That due to Counterdefendants' willful and deliberate infringement of the '276 patent, Fraud Control is awarded enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

    e.    That this is an exceptional case under 35 U.S.C. § 285, and awarding to Fraud Control its reasonable attorneys' fees, expenses and costs incurred in this action, including for all appeals;

    f.    That, pursuant to 35 U.S.C. § 284, Fraud Control be granted pre-judgment and post-judgment interest on the damages and costs caused to it by reason of Counterdefendants' infringement of the '276 patent, including pre-judgment and post-judgment interest on any enhanced damages, attorneys' fees, expenses and costs award;

    g.    That Counterdefendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with such persons

/ / /

/ / /

/ / /

and/or entities, be preliminarily and permanently enjoined from further infringement of the '276 patent; and

  h. For any and all other relief that this Court may deem just and proper.

Dated: December 8, 2006     LINER YANKELEVITZ
                  SUNSHINE & REGENSTREIF LLP

               By: _____/s/_____
                 Jenna F. Leavitt
                 Attorneys for Defendant and
                 Counterclaimant
                 CREDIT CARD FRAUD
                 CONTROL CORPORATION

# JURY TRIAL DEMANDED

Under Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 3-6 of the United States District Court for the Northern District of California, Plaintiff hereby demands a trial by jury of all issues properly triable by jury.

Dated: December 8, 2006

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By: _____/s/_____
Jenna F. Leavitt
Attorneys for Defendant and
Counterclaimant
CREDIT CARD FRAUD
CONTROL CORPORATION

# CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

None, other than the named parties.

Dated: December 8, 2006          LINER YANKELEVITZ
                                 SUNSHINE & REGENSTREIF LLP


                                 By: _____/s/_____
                                     Jenna F. Leavitt
                                     Attorneys for Defendant and
                                     Counterclaimant
                                     CREDIT CARD FRAUD
                                     CONTROL CORPORATION